**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 120437

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## NEW YORK DIVISION

| | |
|---|---|
| Naftela Deutsch, individually and on behalf of all others similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP and LVNV Funding, LLC, | |
| Defendant. | |

Naftela Deutsch, individually and on behalf of all others similarly situated (collectively "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP and LVNV Funding, LLC (collectively "*Defendant*"), as follows:

### INTRODUCTION

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

Barshay
Sanders PLLC

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Naftela Deutsch is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP, is a New York Limited Liability Partnership with a principal place of business in New York County, New York.

9.      On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10.      Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11.      The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12.      To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85,

91 (2d Cir. 2008).

13.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

15.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA.  *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

16.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

17.     Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP regularly collects or attempts to collect debts asserted to be owed to others.

18.     Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

19.     The principal purpose of Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP's business is the collection of such debts.

20.     Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP uses the

mails in its debt collection business.

21.     Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

22.     Defendant LVNV Funding, LLC is in the business of purchasing consumer debts which are in default and collecting on same.

23.     The principal purpose of Defendant LVNV Funding, LLC's business is the collection of such debts.

24.     Defendant LVNV Funding, LLC is not the original creditor of any loan to Plaintiff.

25.     On information and belief, based upon the representation contained in the collection letter more fully described *infra.,* the original creditor for the loan at issue was "Citibank, N.A.".

26.     Defendant LVNV Funding, LLC uses the mails in its debt collection business.

27.     On information and belief, Defendant LVNV Funding, LLC hired Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP to collect the alleged Debt.

28.     Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29.     Defendant LVNV Funding, LLC is additionally liable for the action of its agent, Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP.

30.     Defendants allege that Plaintiff owes a debt (the "alleged Debt").

31.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

32.     The alleged Debt does not arise from any business enterprise of Plaintiff.

33.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

34.     At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

35.     At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

36.     In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by calls to Plaintiff's telephone.

4

37.     In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by letters, including the letter dated May 13, 2020 (the "Letter"). (A true and accurate copy is annexed hereto as "Exhibit 1").

38.     The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

39.     The Letter conveyed information regarding the alleged Debt.

40.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

41.     The Letter was received and read by Plaintiff.

42.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

43.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendants deprived Plaintiff of this right.

44.     Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

45.     Plaintiff's injury is directly traceable to Defendants' conduct, because Defendants sent the Letter.

46.     A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

47.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

48.     Plaintiff has been misled by Defendants' actions.

49.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in their attempts to collect the alleged Debt.

50.     Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause him unwarranted economic harm.

51.     As a result of Defendants' conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

52.     As a result of Defendants' conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the alleged Debt.

53.     Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10)**

54.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55.     15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

57.     15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

58.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

59.     A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

60.     A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

61.     A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

62.     The Letter is on the letterhead of the law firm Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP.

63.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from the law firm.

64.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the alleged Debt was assigned to the law firm.

65.     The least sophisticated consumer would likely assume that a law firm's letterhead on a collection letter means that the letter is from an attorney.

66.     The least sophisticated consumer would likely assume that the attorney has been genuinely involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

67.     The least sophisticated consumer would likely assume that the attorney has been meaningfully involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

68.     The least sophisticated consumer would likely assume that the attorney has been personally involved in the review of Plaintiff's alleged Debt prior to the letter being sent.

69.     The least sophisticated consumer would likely assume that the attorney determined that the letter should be sent.

70.     As such, the least sophisticated consumer would likely feel threatened.

71.     As such, the least sophisticated consumer would likely feel intimidated.

72.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendant.

73.     As such, the least sophisticated consumer would likely believe he or she would be sued by a law firm acting as a debt collector.

74.     As such, the least sophisticated consumer would likely believe he or she would be sued by Defendants if he or she did not pay the debt.

75.     However, no attorney with Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP sent the Letter to Plaintiff.

76.     On information and belief, no attorney with Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

77.     On information and belief, no attorney with Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

78.     On information and belief, no attorney with Defendant Pressler, Felt & Warshaw, LLP f/k/a Pressler & Pressler, LLP was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

7

79.     The Letter misleads consumers into believing that there was meaningful attorney involvement in the collection of the debt.

80.     The Letter fails to provide any disclaimer such as "Please be advised that we are acting in our capacity as a debt collector and at this time, no attorney with our law firm has personally reviewed the particular circumstances of your account." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 364 (2005).

81.     The least sophisticated consumer would likely be misled to believe that an attorney was genuinely involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

82.     The least sophisticated consumer would likely be misled to believe that an attorney was meaningfully involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

83.     The least sophisticated consumer would likely be misled to believe that an attorney was personally involved in the review of Plaintiff's alleged Debt prior to the Letter being sent to Plaintiff.

84.     The least sophisticated consumer would likely be misled to believe that an attorney determined that the letter should be sent.

85.     Defendants' conduct is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

86.     Defendants' conduct is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

87.     Defendants' conduct is a false representation of the legal status of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

88.     Defendants' conduct is a false representation that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

89.     Defendants' conduct is a false implication that the Letter was from an attorney in violation of 15 U.S.C. § 1692e(3).

90.     Defendants' conduct is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

91.     Defendants' conduct is a is a deceptive means in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

92.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3) and 1692e(10) and are liable to Plaintiff therefor.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g(a)(1) 1692e, 1692e(2)(A), 1692e(10)

93.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

94.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

95.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

96.     To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

97.     A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

98.     The Letter claims that Plaintiff owed $13,967.13 (the "Claimed Amount").

99.     Plaintiff did not owe the Claimed Amount.

100.    In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

101.    Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

102.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

103.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

104.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

105.     An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

106.     Defendants' allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false, deceptive, and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

107.     For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A), 1692e(10)

108.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

109.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

110.     As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

111.     To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

112.     A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

113.     The Letter claims the name of the creditor to whom the alleged Debt is owed is LVNV FUNDING LLC (the "Putative Creditor").

114.     Plaintiff did not owe the alleged Debt to the Putative Creditor.

115.     The Putative Creditor never offered to extend credit to Plaintiff.

116.     The Putative Creditor never extended credit to Plaintiff.

117.     Plaintiff was never involved in any transaction with the Putative Creditor

118.     Plaintiff never entered into any contract with the Putative Creditor

119.    Plaintiff never did any business with the Putative Creditor.

120.    Plaintiff was never indebted to the Putative Creditor

121.    The Putative Creditor is a stranger to Plaintiff.

122.    Upon information and belief, the Putative Creditor holds no legally cognizable right, title or interest in the alleged Debt.

123.    Defendants' statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

124.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

125.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

126.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

127.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

128.    Defendants' allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

129.    For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

130.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

131.    Plaintiff seeks to certify the following class:

132.    All consumers to whom Defendants sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which Letter was sent on or after a date one year

prior to the filing of this action to the present.

133.    This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

134.    The Class consists of more than thirty-five persons.

135.    Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

136.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

137.    Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

138.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

  a.  Certifying this action as a class action; and

  b.  Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

  c.  Finding Defendants' actions violate the FDCPA; and

    d.   Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

    e.   Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1); and

    f.   Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

    g.   Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: January 5, 2021

**BARSHAY SANDERS, PLLC**

By:  /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*csanders@barshaysanders.com*
*Attorneys for Plaintiff*
Our File No.: 120437