UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
NAFTELA DEUTSCH, individually and :
on behalf of all others similarly :
situated,                         :
                                  :
        Plaintiff,                :
                                  :        21-cv-84 (JSR)
        -v-                       :
                                  :        MEMORANDUM ORDER
                                  :
PRESSLER, FELT & WARSHAW, LLP,    :
and LVNV FUNDING, LLC,            :
                                  :
        Defendants.               :
                                  :
----------------------------------x

JED S. RAKOFF, U.S.D.J.

Now before the Court is the motion of Defendant LVNV Funding, LLC ("LVNV") to dismiss the complaint, or in the alternative to compel arbitration.  Defendant Pressler, Felt & Warshaw, LLP joins the motion.

The defendants sent Naftela Deutsch a letter asserting that Deutsch had incurred certain credit card debt on a Citibank account and that LVNV had acquired, and sought to collect, that debt. Plaintiff takes issue with the letter, alleging that it violated the Fair Debt Collection Practices Act ("FDCPA") in certain respects.

The problem is that plaintiff has sung this tune before.  Last year, he sued Resurgent Capital Services L.P. ("Resurgent"), an affiliate of LVNV, regarding a similar letter sent to collect this very same debt.  Deutsch and Resurgent executed a settlement

1

agreement (the "Settlement Agreement"). Notwithstanding a scrivener's error, the clear intent of the Settlement Agreement was that, in exchange for $5,000, Deutsch would dismiss that lawsuit and release Resurgent and its affiliates, including LVNV, from further claims like these. Accordingly, the Settlement Agreement entirely bars the relief Deutsch seeks, and the case must be dismissed.

BACKGROUND

On this motion, the Court presumes the truth of all plausible allegations in the Complaint and draws all reasonable inferences in Deutsch's favor. As the Complaint states, "[d]efendants allege that Plaintiff owes a debt ('the alleged Debt')." Compl., ECF No. 1, ¶ 30.

> The alleged Debt was assigned or otherwise transferred to Defendants for collection. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default. . . . In their efforts to collect the alleged Debt, Defendants contacted Plaintiff by letters, including the letter dated May 13, 2020 (the "[Second] Letter"). (A true and accurate copy is annexed hereto as "Exhibit 1"). . . . The [Second] Letter was received and read by Plaintiff.

Id. ¶¶ 34, 35, 37, 41. Deutsch claims that the Second Letter violated the FDCPA. Count One alleges that the Second Letter is misleading because it was sent on a law firm's letterhead but no attorney was meaningfully involved in the review of Deutsch's file or the preparation of the letter. Counts Two and Three allege

that the Second Letter is inaccurate because Deutsch does not owe the specified amount to LVNV.

The Complaint alleges that "[t]he [Second] Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt." Compl. ¶ 37. But this is belied by Deutsch's prior lawsuit, in which Deutsch alleged that Resurgent sent a prior letter (the "First Letter") regarding the same alleged Debt, which violated the FDCPA. See Deutsch v. Resurgent Capital Servs., L.P., 20cv3371 (BMC) (Deutsch I).

The First Letter is attached to the E.D.N.Y. Complaint. Deutsch I, ECF No. 1-1. The Second Letter is attached to the Complaint in this case. ECF No. 1-1. The First Letter is on Resurgent letterhead, dated July 26, 2019. The Second Letter is on Pressler, Felt & Warshaw, LLP letterhead, dated May 13, 2020.

Both the First Letter and the Second Letter state that Citibank was the original creditor, LVNV is the current owner of the alleged Debt, the account number ends in 0242, the last payment was made on December 13, 2017, Citibank charged off $13,967.13 relating to the account, and the balance is $13,787.65. See Second Letter, ECF No. 1-1, at 1; First Letter, Deutsch I, ECF No. 1-1, at 1. The Second Letter also "[e]nclose[s] . . . a copy of LVNV Funding LLC's Privacy Notice." Id. The Privacy Notice says that it "is being provided on behalf of each of the following related companies (collectively, the 'Resurgent Companies'). It describes

the general policy of the Resurgent Companies regarding the personal information of customers and former customers." Id. at 2. Among the listed Resurgent Companies is LVNV. Id.

Deutsch sued Resurgent in the Eastern District of New York, alleging that the First Letter violated the FDCPA. The E.D.N.Y. Complaint was filed two and a half months after the date on the Second Letter, yet the Complaint does not mention it.

On August 19, 2020, two days before Resurgent's deadline to respond to the E.D.N.Y. Complaint, Deutsch filed a notice that the parties had reached a settlement in principle. Deutsch I, ECF No. 8. Judge Cogan dismissed the case that same day. Deutsch I, Minute Entry Dated 08/19/2020. On August 26, 2020, Resurgent's "Legal Coordinator" sent to plaintiff's attorney in the E.D.N.Y. action a "check for $5,000.00, and a copy of the settlement agreement[.]" Siachos Decl. Ex. B, ECF No. 26-1, at 18.

The Settlement Agreement provides that it "is made and entered into . . . by and between Resurgent Capital Services, LP ('Resurgent') and Naftela Y. Deutsch ('Plaintiff') . . . for the purpose of resolving by compromise and settlement of all claims, controversies, alleged liabilities, and disputes between them." Id. at 19. It recites that "[c]ertain disputes have arisen between Plaintiff and Resurgent regarding a letter sent by Resurgent to Plaintiff. Those disputes are more fully set forth in the pleadings" of Deutsch I. Id.

Resurgent agreed to pay $5,000 to plaintiff within 30 days. Id. In return, Deutsch agreed to dismiss the E.D.N.Y. action with prejudice, id., and to release Resurgent and its affiliates from all related claims. To that end, the Settlement Agreement contains the following paragraph:

> **Release by Plaintiff**: Except for the obligations and rights expressly set forth and reserved in Paragraph 6 of this Agreement, in consideration of the recitals [and other consideration], Plaintiff, for and on behalf of herself and her present and future spouses (and common law spouses), [etc.,] or any and all other persons who could claim through him/her (collectively, the 'Releasors') hereby unconditionally, irrevocably, forever and fully releases, acquits, and forever discharges **and her** predecessors, principals, parents, heirs, successors, assigns, subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, partners, insurers, investors, attorneys, officers, shareholders, directors, agents, representatives employees, clients, administrators, executors, personal representatives, the beneficiary and investor in the Debt and their predecessors, heirs or successors in interest and assigns, and each of them (the 'Releasees'), of and from any and all claims, demands, actions, [etc.,] including any and all claimed or unclaimed compensatory damages, consequential damages, interest, costs, expenses and fees . . . which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the Action.

Id. at 20 (second emphasis added).[1] This paragraph is ungrammatical and obviously contains a scrivener's error.[2]

---

[1] Paragraph 6 is immaterial. It excludes from the scope of the release claims for noncompliance with the Settlement Agreement, "future disputes" arising out of "other debts," and Resurgent's right to collect on "other debt." Id.

[2] Also, the feminine pronouns are errors; Deutsch is a man.

ANALYSIS

Defendants argue that this suit is barred by the Settlement Agreement.  They maintain that the parties to the E.D.N.Y. lawsuit intended, through the "Release by Plaintiff" paragraph, that Deutsch would release his claims against Resurgent and its affiliates.  In other words, the paragraph should state, "Plaintiff . . . hereby . . . discharges [Resurgent and its] predecessors, principals," etc., instead of "Plaintiff . . . hereby . . . discharges and her predecessors, principals," etc.  The Court agrees.

Defendants argue that the Court should correct this scrivener's error.  In the Settlement Agreement, Deutsch chose to be bound by New York law.  See ECF No. 26-1, at 21.  Under New York law, a court may "equitably reform" a contract that contains a scrivener's error.  See Washington v. NYC Medical Practice, P.C., No. 18-CV-9052 (PAC), 2021 WL 918753, at *5 (S.D.N.Y. Mar. 10, 2021) ("In contract law, a scrivener's error, like a mutual mistake, occurs when the intention of the parties is identical at the time of the transaction but the written agreement does not express that intention because of that error; this permits a court acting in equity to reform an agreement.  Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the

scrivener, or of either party, no matter how it occurred, may be corrected.") (internal quotation marks and citations omitted).

Deutsch does not offer any reasonable contrary interpretation of the Settlement Agreement. Nevertheless, he argues that the Court should not equitably reform the contract for several reasons.

First, he argues that ambiguous terms must be construed against the drafter and that this agreement was drafted by Resurgent. That presumption likely does not apply. Deutsch was represented by counsel in the E.D.N.Y. case, and the Settlement Agreement provides that the agreement "shall be deemed to have been drafted jointly by all of the parties hereto with no presumption in favor of one party over another in the event of any ambiguity." ECF No. 26-1, at 21. But even if that presumption applies, it is immaterial because Deutsch offers no reasonable alternative construction of the "Release by Plaintiff" paragraph. The closest Deutsch comes to offering any interpretation whatsoever is to suggest that, based on its plain language, "the settlement agreement does not release any party--other than Plaintiff himself." Pl. Opp. to Mot. to Dismiss, ECF No. 27 ("Opp."), at 5 (emphasis omitted). That interpretation is nonsensical.

Second, Deutsch argues that LVNV was not a listed defendant in the E.D.N.Y. case and so cannot benefit from the Settlement Agreement. But if the Court reforms the Settlement Agreement, it

will specify that plaintiff released not only Resurgent, but also an exhaustive list of related entities. See ECF No. 26-1, at 20. LVNV is clearly covered by this list. The affiliate relationship between LVNV and Resurgent is apparent on the face of the Privacy Notice attached to the Second Letter, which identifies LVNV as one of the "Resurgent Companies." ECF No. 1-1, at 2. And even though the E.D.N.Y. case was nominally brought against Resurgent, Plaintiff conceded in that Complaint that Resurgent was handling the alleged Debt on behalf of LVNV. Deutsch I, Compl. ¶ 19. (alleged Debt "was incurred to City Bank, N.A., and subsequently purchased by, or otherwise transferred to, [LVNV]"). Thus, LVNV is, at least, Resurgent's "principal[]," its "affiliate[]," and "the beneficiary and investor in the Debt"--all of which are covered by the release. ECF No. 26-1, at 20. Pressler, Felt & Warshaw, LLP is also covered; the agreement specifically lists "attorneys."

Finally, Deutsch contends that "a clause purporting to exempt a party for the consequences of its own negligence must state so clearly, in unambiguous, understandable terms." Opp. 4 (quoting Anunziatta v. Orkin Exterminating Co., 180 F. Supp. 2d 353, 359 (N.D.N.Y. 2001)). However, the intent of the "release by plaintiff" paragraph was not to release Resurgent for alleged negligence but to discharge plaintiff's claims for alleged FDCPA violations.

8

The closest question presented here is one that Deutsch does not raise: can the Court consider the Settlement Agreement on a motion to dismiss?  It was not, of course, referenced in the Complaint.  This Court is unaware of Second Circuit authority directly addressing this question, but in similar circumstances, this Court has considered a Settlement Agreement on a motion to dismiss when it entirely barred plaintiff's claims:

> [I]f the Settlement Agreement would dispose of this matter (that is, if it is an agreement entered into in good faith) it makes no sense to deny dismissal simply because it was not referenced in the Complaint.  That argument elevates technicality over efficiency, form over substance.  It would mean that a complaint could never be dismissed on the ground that the third-party has settled with the plaintiff--because such an agreement would as a practical matter never be referenced in the third-party complaint.  But in fact there is substantial case law in which the courts have opted for efficiency and reason, and granted motions to dismiss third-party complaints because the third-party defendant had settled with the principal plaintiff.

In re Refco Inc. Sec. Litig., No. 07-MD-1902 JSR, 2012 WL 4053939, at *2 (S.D.N.Y. Aug. 8, 2012) (Capra, Special Master) (collecting cases), report and recommendation adopted, 2012 WL 4009175 (S.D.N.Y. Sept. 12, 2012).  That rationale applies equally to the case at bar.

The Court concludes that the Settlement Agreement contains an obvious, unambiguous scrivener's error and that the defendants have demonstrated entitlement, under New York law, to equitable reformation of the contract.  Paragraph 4 of the Settlement

Agreement is reformed by replacing the phrase "and her" with the phrase "Resurgent and its."  The Court further finds, for the reasons articulated in Refco, that it may consider the Settlement Agreement on this motion to dismiss.  Even accepting the truth of the plausible, well-pleaded allegations of the Complaint, the Court finds as a matter of law that all of plaintiff's claims are barred by the Settlement Agreement.

For the foregoing reasons, the motion to dismiss is granted. Clerk to enter judgment.

SO ORDERED.

Dated:     New York, NY
           April 26, 2021

JED S. RAKOFF, U.S.D.J.